### In re JONES' ESTATE.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

EXECUTOR'S ACCOUNT—OBJECTIONS—LACHES.

Where a legatee's guardian had allowed more than four years to elapse after the filing of a temporary administrator's account without filing objections thereto, it was discretionary with the surrogate to grant or refuse leave to file objections.

Appeal from order of surrogate, New York county.

Judicial settlement of the accounts of John Von Glahn as temporary administrator of the estate of Agnes Livingston Jones, deceased, in which Catherine E. Pierce, as guardian of Charles Livingston Jones, a legatee, petitioned for leave to file objections to the account. From an order refusing such leave, the guardian appeals. Affirmed.

Agnes Livingston Jones died on the 8th day of July, 1889, leaving a last will and testament, which, upon being offered for probate, was contested; and pending such contest, on December 30, 1889, John Von Glahn was appointed temporary administrator. The will was admitted to probate on September 16, 1890, and letters testamentary were immediately issued to the executor named, —Addison D. O'Neil. The temporary administrator filed his account October

15, 1890, and therein stated the facts of his administration, and referred to certain real property belonging to the estate, showing why he had been unable to collect rents therefrom. On January 1, 1895, the executor's account was filed, which set forth in detail the account of the temporary administrator. Thereupon Catherine E. Pierce, who had been appointed general guardian of Charles Livingston Jones, son of the deceased, and legatee under the will, filed objections to the executor's account, which objections, among other things, related to the rent of the real property not collected by the temporary administrator. The issues thus arising were given to a referee to hear and determine, who on January 2, 1897, filed his report, dated September 30, 1896, in which he overruled the same objections made to the executor's account which are here again sought to be urged against the administrator. The referee's report was confirmed and a decree entered October 12, 1899. Having failed before the referee as against the executor, the general guardian on September 6, 1899, petitioned for a citation to issue to the temporary administrator to attend a judicial settlement of his account filed October 15, 1890, which citation was issued and served on September 8, 1899. On January 24, 1900, motion was made by the general guardian for leave to file objections to the temporary administrator's account. On March 1, 1900, the administrator answered the petition, setting up the previous proceedings before the referee as a bar, and interposing the statute of limitations. The surrogate denied the application for leave to file objections to the account, and to require the temporary administrator to settle the same, on the ground that the statute of limitations is a bar; and from the order thus entered the general guardian appeals.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

T. M. Tyng, for appellant.

Charles E. Thorne, for respondent.

O'BRIEN, J. It is not disputed that the account of the temporary administrator was filed on October 15, 1890, and that it was not until September 6, 1899 (nearly nine years after such account was filed), that the appellant presented her petition praying that a citation issue to the temporary administrator to attend a judicial settlement of his account. To obtain, however, the object sought upon such settlement, namely, to charge the administrator with devastavit in connection with the collection of the rents of certain real estate, the appellant moved for leave to file and serve objections similar to those which had been filed upon the accounting by the executor, which leave the surrogate refused because of the time that had elapsed since the right to obtain such relief had accrued.

It is undisputed that the executor in 1895 included in his account that of this temporary administrator, and that objections similar to those now sought to be interposed here were then presented, and it was only after the termination of the executor's accounting that this application to file objections to the account of the administrator was made. Although the period which has elapsed might, by permitting the statute of limitations to run, preclude an adult from asserting such a right at this late day, this would not apply to an infant; and, were there no other consideration in the case than the contention that the statute of limitations is a bar, the application should have been granted. We think, however, that where, as here, it appears that after an account has been filed for several years, and more than four years have elapsed since it has been brought home to the parties

interested, it is entirely within the power, right, and discretion of the surrogate to refuse to permit at such a late date the filing of additional exceptions and objections to the account. Where the opportunity is given to file objections to an account, and the person allows it to pass without taking advantage of it, and the time when as matter of right objections could be filed has passed, it is entirely within the discretion of the surrogate, on the ground of laches or delay, to refuse permission to file additional objections.

Upon the ground, therefore, that it was within the province of the surrogate to grant or refuse the leave sought, the order appealed from should be affirmed, with costs. All concur.